UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL W. GILLAM, JR.,

    Plaintiff,

        v.                       CAUSE NO. 3:22-CV-220-RLM-MGG

RON NEAL, et al.,

    Defendants.

## OPINION AND ORDER

Michael W. Gillam, Jr. a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain enough factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Because Mr. Gillam is proceeding without counsel, the court must give his allegations liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Gillam alleges that on October 12, 2021, "I reported a P.R.E.A. attack and was punished for it." (ECF 2 at 2.) He provides no other details. He appears to be referencing the Prison Rape Elimination Act, 34 U.S.C. §§ 30301–09, but this statute

doesn't create a private right of action. Winners v. Hyatt, No. 3:20-CV-1035-JD-MGG, 2021 WL 1165140, at *2 (N.D. Ind. Mar. 25, 2021). A claim that internal prison policies adopted pursuant to PREA weren't followed wouldn't state a plausible federal claim either. Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations").

His allegation could trigger First Amendment concerns, but merely "putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened . . . that might be redressed by the law" is not enough to state a claim under federal pleading standards. Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010). To assert a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to take the retaliatory action." Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citation omitted). Mr. Gillam doesn't provide any details about the attack, who he reported it to, how he reported it (whether orally, through the grievance process, or some other means), who punished him, or how he was punished. Without such detail, the court can't conclude that he states a plausible retaliation claim.

Mr. Gillam also names the Indiana State Prison as a defendant, but this is a building, not a "person" that can be sued for constitutional violations under 42 U.S.C.

§ 1983. Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012). He also names Warden Ron Neal, but there is no indication this high-ranking official had any personal involvement in this incident, and the Warden cannot be held liable solely because he oversees operations at the prison. Mitchell v. Kallas, 895 F.3d 492, 498 (7th Cir. 2018); Burks v. Raemisch, 555 F.3d 592, 595 (7th Cir. 2009).

Therefore, Mr. Gillam hasn't stated a plausible constitutional claim against any defendant. In the interest of justice, the court will allow him an opportunity to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim based on this incident, consistent with the allegation he has already made. *See* Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018); Luevano v. Wal-Mart, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **June 10, 2022**, to file an amended complaint; and

(2) CAUTIONS him that if he doesn't respond by that deadline, this case is subject to dismissal under 28 U.S.C. § 1915A because the current complaint does not state a plausible constitutional claim upon which relief can be granted.

SO ORDERED on May 12, 2022

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT