UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL W. GILLAM, JR.,

    Plaintiff,

v.                                        CAUSE NO. 3:22-CV-220-RLM-JEM

JACKELINE MAYS,

    Defendant.

OPINION AND ORDER

Michael W. Gillam, Jr., a prisoner without a lawyer, proceeds in this case "against Unit Team Manager Jackeline Mays in her personal capacity for placing him at risk of being attacked on or about January 9, 2021, by calling him a snitch in front of other inmates in violation of the Eighth Amendment[.]" ECF 21 at 8. Unit Team Manager Mays filed a motion for summary judgment, arguing that Mr. Gillam didn't exhaust his administrative remedies before filing suit. As explained in this opinion, the court grants Ms. Mays' motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that

party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion can't simply rely on allegations or denials in its own pleading, but rather must "present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." Trade Fin. Partners, LLC v. AAR Corp., 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners can't bring suit in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015).

Courts take a "strict compliance approach to exhaustion," Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006), so "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002). A prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. Woodford v. Ngo, 548 U.S. 81, 102 (2006). The availability of a remedy isn't a matter of what appears on paper but rather whether the process

2

was in actuality available for the prisoner to pursue. Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006).

Unit Team Manager Mays argues that Mr. Gillam didn't exhaust his administrative remedies before filing suit because he never submitted any grievance related to his claim that Unit Team Manager Mays called him a snitch in front of other inmates. Mr. Gillam concedes he never filed any grievance related to his claim against Unit Team Manager Mays. He argues his administrative remedies were unavailable for several reasons.

First, Mr. Gillam argues he was unable to file a grievance within ten business days of the January 9, 2021, incident because he was hospitalized until January 13. Mr. Gillam is correct that a grievance process isn't considered available "to a person physically unable to pursue it." Lanaghan v. Koch, 902 F.3d 683, 689 (7th Cir. 2018). But an inmate is incapacitated during part or all of the grievance period must nevertheless file a grievance "as soon as it was reasonably possible for him to do so." Hurst v. Hantke, 634 F.3d 409, 412 (7th Cir. 2011). Mr. Gillam had until January 22 to submit a timely grievance, and he doesn't explain why he was unable to file a grievance once he was released from the hospital on January 13. *See* ECF 34-2 at 9 (an offender may submit a grievance within ten business days from the date of the incident giving rise to the complaint). And even assuming Mr. Gillam's hospitalization prevented him from submitting a grievance by January 22, there is no evidence he ever tried to use the Offender Grievance Process's mechanism to request a time limit extension to submit an untimely grievance. *See id.* at 14 ("If there

3

are extenuating circumstances which caused the offender a delay in submitting the grievance form within the time frames, the offender must document and submit the reason for the delay on a separate piece of paper with signature and date, and include with the appropriate appeal form or make a request for the specific form to the Offender Grievance Specialist for review."). Mr. Gillam hasn't shown that his hospitalization made the Offender Grievance Process unavailable.

Second, Mr. Gillam argues that he was unable to submit a timely grievance because he didn't learn until December 2022 that Unit Team Manager Mays was responsible for his attack. But again, the Offender Grievance Process provides a mechanism for inmates to submit a grievance outside of the time frame, and Mr. Gillam provides no evidence he ever tried to submit a grievance at any point before filing this lawsuit. Additionally, the record belies Mr. Gillam's claim he was unaware of Unit Team Manager Mays' involvement until December 2022, as Mr. Gillam filed this lawsuit against Unit Team Manager Mays in March 2022. Mr. Gillam hasn't shown that he was unable to submit a timely grievance.

Third, Mr. Gillam argues the Offender Grievance Process was too confusing for him to use. But Unit Team Manager Mays provides evidence that Mr. Gillam has successfully submitted numerous grievances before and after the January 9, 2021, incident. Mr. Gillam doesn't explain how his confusion with the Offender Grievance Process prevented him from submitting a grievance on this occasion.

Fourth, Mr. Gillam argues that his claim against Unit Team Manager Mays wasmt grievable because he sought monetary compensation. *See* ECF 34-2 at 4

4

(listing "Tort Claims seeking monetary compensation" as matters inappropriate to the Offender Grievance Process). But the grievance policy specifically lists as a grievable issue "[a]ctions of individual staff," which encompasses Unit Team Manager Mays' alleged conduct here. ECF 34-2 at 3. Mr. Gillam's claim that Unit Team Manager Mays labeled him a snitch alleged grievable conduct, and that he sought monetary damages didn't make his claim non-grievable. *See id.* at 7 ("No grievance shall be rejected because an offender seeks an improper or unavailable remedy"); *see also* Booth v. Churner, 532 U.S. 731, 741 (2001) (even when a prisoner seeks relief not available in grievance proceedings, such as money damages, exhaustion is a prerequisite to filing suit as long as some form of relief is available).

Mr. Gillam raises no further arguments relevant to the exhaustion of his administrative remedies. Because Unit Team Manager Mays has provided undisputed evidence Mr. Gillam didn't exhaust any grievance related to his claim that Unit Team Manager Mays labeled him as a snitch to other inmates, and Mr. Gillam provides no evidence his administrative remedies were unavailable, Unit Team Manager Mays has met her burden to show Mr. Gillam didn't exhaust his available administrative remedies before filing this case. Summary judgment is therefore warranted in favor of Unit Team Manager Mays.

For these reasons, the court:

(1) GRANTS Unit Team Manager Mays' motion for summary judgment (ECF 33); AND

5

(2) DIRECTS the clerk to enter judgment in favor of Unit Team Manager Mays and against Michael W. Gillam, Jr., and to close this case.

SO ORDERED on June 20, 2023

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT